### WILLIAM H. WEST vs. ROBERT H. JONES.

BILLS AND NOTES—EXECUTORY AGREEMENT TO RENEW NO BAR TO ACTION ON ORIGINAL NOTE.

An affidavit of defense that plaintiff had agreed with defendant's agent to renew defendant's $2,500 note at maturity for four months, upon payment of interest then due and the further sum of $250, and that prior to maturity of the note defendant's agent tendered new note, interest, and $250, which plaintiff refused, did not show the action was prematurely brought, for the alleged oral agreement was collateral, and, being unfulfilled, was no legal defense to the whole or part of the cause of action necessary to prevent judgment on affidavit of demand, under *Rev. Code* 1915, § 4169.

(*December* 17, 1919.)

BOYCE and RICE, J. J., sitting.

*Edmond S. Hellings* for plaintiff.

*Ayres J. Stockley* with *Daniel O. Hastings* for defendant.

Superior Court for New Castle County, November Term, 1919.

SUMMONS CASE, No. 81, November Term, 1919.

Action by William H. West against Robert H. Jones on promissory note. On motion for judgment at first term notwithstanding the affidavit of defense filed. Judgment entered for plaintiff.

Plaintiff, on or before the first day of the term to which the process was returnable filed copy of the promissory note, sued on after maturity, with an affidavit of demand, in accordance with *Rev. Code* 1915 § 4169. The note with the indorsements thereon was in the following words and figures:

$2,500.00        8357

Philadelphia, Pa., May 24, 1919.

Four months after date I promise to pay to the order of myself two thousand five hundred no/100 dollars at office Guaranty Funding Corporation, 1535 Chestnut St. Without defalcation. For value received.

No. ——. Due 9—24—19.

Robert H. Jones,
107 West 9th St.  Wilmington, Del.

Indorsements:
Robert H. Jones.
John McClintoch, Jr.
W. H. West.
Daniel A. Ingler,
1215 Market St.

The defendant filed an affidavit of defense, the nature and character of which is:

The defendant on the twenty-fourth day of May, A. D. 1919, executed and indorsed a note in the sum of twenty-five hundred dollars ($2,500.00), payable four months after date (being the note in suit), and the said note was delivered by the said defendant to W. A. Benjamin, who was expressly authorized and appointed by the said defendant, as his agent to act in and about the discount or sale of the said note, and the said note was in turn delivered by the said W. A. Benjamin to the said plaintiff, and by him discounted; that subsequent thereto the said plaintff agreed with the said W. A. Benjamin, who was then and there acting as agent for the said defendant, that the said plaintiff would renew the said note at maturity for a further period of four months upon the payment to the said plaintiff of the interest then due and the further sum of two hundred and fifty dollars ($250.00); that prior to the maturity of the said note the said W. A. Benjamin, acting as agent for the said defendant, did tender to the said plaintiff a new note of the said defendant (a copy of which is hereto attached and marked Exhibit A), and did also tender the interest then due and the sum of two hundred and fifty dollars ($250.00) as a consideration for the renewal of the said note, and in accordance with said agreement; that the said plaintiff refused to accept the said renewal note, interest, and the sum of two hundred and fifty dollars ($250.00), and refused to renew the said note.

Plaintiff moved for judgment notwithstanding the affidavit of defense filed.

BOYCE, J., delivering the opinion:

The only defense to this action is that it was brought prematurely, because the period for which the note sued upon was to be renewed had not expired when the action was commenced. The question raised must be determined upon the face of the affidavit of defense. An agreement to renew or extend the time of the payment of a promissory note based upon a sufficient consideration would be binding, and if executed it will prevent the collection of the note until the expiration of the period of extension. The oral agreement relied upon in the affidavit of defense is collateral, and being unfulfilled it is no bar to the action. Whatever redress there may be for nonperformance lies in another action. Upon the whole, the affidavit of defense does not disclose a legal defense to the whole or part of the cause of action, necessary to prevent judgment on the affidavit of demand. *Rev. Code* 1915, § 4169.

Let judgment be entered for the plaintiff for the amount of his demand with interest.